**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CF INDUSTRIES,** | |
| **Plaintiff,** | **Case No. 09 C 1353** |
| **v.** | **Hon. Harry D. Leinenweber** |
| **BEN-TREI, LTD.,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Ben-Trei, Ltd.'s ("Ben-Trei") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, Alternatively Motion to Transfer Venue. For the reasons stated below, the Court finds that it lacks personal jurisdiction over Defendant and the action is dismissed. Because the action is dismissed, the Court does not reach Defendant's alternative argument in support of transferring the case to a different venue

**I. BACKGROUND**

Plaintiff CF Industries, Inc. ("CF") is a Delaware corporation with its principal place of business in Deerfield, Illinois. CF sells various types of fertilizer and has multiple distribution facilities, including one in Oklahoma. Defendant Ben-Trei, Ltd., is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

Ben-Trei does not maintain an office in Illinois but it conducts business with Illinois customers and vendors and leases fifteen railcars from an Illinois company for this purpose. From 2005 to April 2009, Ben-Trei shipped $7.6 million in product to Illinois, representing 1.2% of its total sales and .93% of its total revenue for that period. Ben-Trei also belongs to an Illinois trade association and sends two of its employees to the trade association's annual meeting in Illinois where they meet and solicit potential Illinois customers.

At some time prior to March 14, 2005, Ben-Trei negotiated the Master Product Sales Agreement ("MPSA") with Jeff Dye, a CF employee located in Oklahoma. The MPSA specified the terms and conditions under which Ben-Trei would purchase fertilizer from CF. Once the parties agreed upon its terms, Ben-Trei executed the MPSA in Oklahoma and then sent it to CF in Illinois where CF executed it on March 14, 2005.

Pursuant to the MPSA, Ben-Trei placed five separate orders for fertilizer with CF. Two of the five orders that Ben-Trei placed with CF called for CF to deliver fertilizer to Ben-Trei or its customers at CF's Oklahoma distribution facility. Two of the orders called for CF to deliver fertilizer to Ben-Trei in Oklahoma via river barge from Louisiana. The last order called for CF to ship fertilizer via rail to a customer that Ben-Trei would designate and did not contemplate CF shipping fertilizer from or to any location in Illinois.

Ben-Trei paid the requisite deposit to CF for each order by submitting payment electronically to CF's deposit account at Harris Bank in Illinois. CF filled three of Ben-Trei's orders but Ben-Trei failed to pay the balances on those orders when they became due on November 20, 2008. CF never filled the remaining two orders because, in or about December 2008, Ben-Trei notified CF that it was unable to pay for them. On March 3, 2009, CF filed suit against Ben-Trei in this Court asserting claims for breach of contract with respect to the three orders CF filled and anticipatory breach with respect to the two orders that CF did not fill.

On March 30, 2009, Ben-Trei filed the instant motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case to the Northern District of Oklahoma. The parties conducted limited discovery on the jurisdictional issue and the pending motion ensued. Because the Court finds that it lacks jurisdiction over Ben-Trei and dismisses the action, it does not reach Ben-Trei's argument in support of transferring the case to the Northern District of Oklahoma.

## II.  **DISCUSSION**

### A. Standard of Review

When the Court rules on a defendant's motion to dismiss for lack of personal jurisdiction in reliance on the parties' written submissions, without an evidentiary hearing, the plaintiff "need

only make out a prima facie case of personal jurisdiction." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707 (7th Cir., 2002). The Court resolves factual disputes in the pleadings and any affidavits in favor of the plaintiff but takes as true facts contained in the defendant's affidavits that the plaintiff does not refute. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir., 1997). The Court must also take as true those allegations in the complaint that are not controverted by the defendant's affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir., 1987).

A federal district court exercising diversity jurisdiction has personal jurisdiction over a defendant "only if a court of the state in which it sits would have such jurisdiction." *RAR*, 107 F.3d at 1275 (citing *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir., 1995). For an Illinois court to have personal jurisdiction over a nonresident defendant, such jurisdiction must be permitted by (1) Illinois statutory law, (2) the Illinois Constitution, and (3) the United States Constitution. *RAR*, 107 F.3d at 1276.

The Illinois long-arm statute extends personal jurisdiction to the limit allowed under the due process clauses of the Illinois and Unites States Constitutions, 735 ILCS 5/2-209(c), thereby making the propriety of personal jurisdiction under the Illinois and United States Constitutions the only relevant inquiry. "Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of

personal jurisdiction." *RAR*, 107 F.3d at 1276. Moreover, the Seventh Circuit has found that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt*, 302 F.3d at 715 (citations omitted). Thus, the Court's analysis will focus on the federal constitutional issue.

The Due Process Clause of the Fourteenth Amendment limits when a state court may assert personal jurisdiction over a nonresident defendant and requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Further, it must be the defendant's own purposeful activity that makes it amenable to jurisdiction, not random contacts or the unilateral activity of the plaintiff or some other entity. *See Primack v. Pearl B. Polto, Inc.*, No. 08-4539, 2009 WL 1956928, at *3 (N.D.Ill., July 8, 2009) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). The Court's assessment of minimum contacts depends on whether specific or general personal jurisdiction is asserted. *RAR*, 107 F.3d at 1277. CF has asserted that Ben-Trei is subject to both specific and general personal

jurisdiction in Illinois so the Court will examine the applicability of each type of personal jurisdiction in turn.

## B. Specific Jurisdiction

Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In specific jurisdiction cases the Court must decide whether the defendant has "purposefully established minimum contacts with the forum state" such that defendant "should reasonably anticipate being haled into court" there, and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *RAR*, 107 F.3d at 1277 (quoting *Burger King*, 471 U.S. at 476-77).

It is well-settled that a nonresident defendant does not subject itself to personal jurisdiction in Illinois simply by entering into a contract with an Illinois resident. *See RAR*, 107 F.3d at 1277 (citing *Burger King*, 471 U.S. at 479). Further, "in a breach of contract case, it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *RAR*, 107 F.3d at 1278 (quoting *Vetrovex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 153 (3d Cir., 1996). Any past contacts the defendant may have had with the forum state are not relevant unless they "bear on the substantive legal dispute between the parties or

inform the court regarding the economic substance of the contract."
*RAR*, 107 F.3d at 1278.

Here, Ben-Trei had little contact with Illinois in connection with the MSPA. The parties negotiated the MPSA in Oklahoma, not Illinois, and CF does not claim that Ben-Trei ever sent a representative to Illinois in connection with the MPSA. Moreover, the parties' performance under the MPSA was to take place in Oklahoma and other states, but not in Illinois.

Ben-Trei's only affirmative contacts with Illinois in connection with the MPSA are the fact that CF is an Illinois corporation, Ben-Trei communicated to CF employees in Illinois (*i.e.,* placing the orders for fertilizer, sending the MPSA to Illinois for CF's execution, notifying CF of its inability to pay the remaining balances) and its electronic payment of the initial deposit to Plaintiff's bank account located in Illinois. The case law makes clear that where a contract is neither negotiated nor performed in the forum state, communications and payments into the forum state, standing alone, are insufficient to establish specific jurisdiction over a nonresident defendant. *See Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co.*, 18 F.3d 389, 395 (7th Cir., 1994) (collecting cases); *Washington Nat. Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05-2551, 2006 WL 1215413, at \*5 (N.D.Ill., May 2, 2006); *AIT Worldwide Logistics, Inc. v. Ramp Logic, Inc.*, No. 03-7661, 2004 WL 769399, at \*3 (N.D.Ill., Apr. 9,

2004); *Sungard Data Systems, Inc. v. Central Parking Corp.*, 214 F.Supp.2d 879, 882 (N.D. Ill., 2002).

### C. General Jurisdiction

General jurisdiction arises when a nonresident defendant has continuous and systematic general business contacts within the forum state that are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe*, 326 U.S. at 318. In other words, if a defendant is subject to general jurisdiction in the forum state then it can be called to answer in any court in the forum state "in any litigation arising out of any transaction or occurrence anywhere in the world." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir., 2003). Accordingly, the constitutional requirement for general jurisdiction is stringent and, in evaluating whether general jurisdiction exists, the court will examine such factors as whether and to what extent the defendant conducts business in the forum state; whether the defendant maintains an office, property, employees or a bank account within the forum state; whether the defendant sends agents into the forum state to conduct business; whether the defendant advertises or solicits business in the forum state; and whether the defendant has designated an agent for service of process in the forum state. *Interlease Aviation Investors II (Aloha) L.L.C. v.*

*Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 906-07 (N.D.Ill., 2003).

Ben-Trei does not maintain an office, any property, any employees or a bank account in Illinois, has not designated an agent for service of process in Illinois, and does not advertise in Illinois. Instead, the contacts which CF maintains establish general jurisdiction over Ben-Trei are as follows: Ben-Trei conducts business with Illinois vendors and from 2005 to April 2009 that business comprised .93% of Ben-Trei's total revenue, Ben-Trei sends two of its employees to the annual convention of an Illinois trade association where they solicit potential Illinois customers, and Ben-Trei leases fifteen railcars from an Illinois company that it uses to transport its product.

These contacts fall short of establishing that Ben-Trei has a constructive presence in Illinois and are not so substantial and of such a nature as to require Ben-Trei to submit to jurisdiction in Illinois in any action arising from any injury anywhere in the world. As an initial matter, sales within the forum state, standing alone, will not subject a nonresident defendant to general jurisdiction in the forum where those sales represent an insubstantial portion of the defendant's business. *See Richter v. INSTAR Enterprises Intern., Inc.*, 594 F.Supp.2d 1000, 1007 (N.D.Ill., 2009) (collecting cases). Ben-Trei's business with Illinois vendors represented less than 1% of its total revenue from

2005 to April 2009, which is hardly a substantial amount and is insufficient to subject Ben-Trei to general jurisdiction in Illinois.

With respect to Ben-Trei's presence at an annual Illinois trade show, it is well-settled that attendance at trade shows in the forum state is insufficient to establish general jurisdiction. *See Ameritech Services, Inc. v. SCA Promotions, Inc.*, No. 99-4160, 2000 WL 283098, at *4 (N.D.Ill., Mar. 6, 2000); *Riemer v. KSL Recreation Corp.*, 807 N.E.2d 1004, 1013 (Ill.App. 1 Dist., 2004) (citing *Cook Associates, Inc. v. Lexington United Corp.*, 429 N.E.2d 847, 853 (Ill. 1981)); *Dal Ponte v. Northern Manitoba Native Lodges, Inc.*, 581 N.E.2d 329, 333 (Ill.App. 1 Dist., 1991)). Even though Ben-Trei representatives were soliciting potential Illinois customers at these trade shows, mere solicitation of customers in the forum state is also insufficient to establish personal jurisdiction. *See Cook Associates*, 429 N.E.2d at 852; *Dal Ponte*, 581 N.E.2d at 333; *Riemer*, 807 N.E.2d at 1017; *Rokeby-Johnson v. Derek Bryant Ins. Brokers, Ltd.*, 594 N.E.2d 1190, 1198 (Ill.App. 1 Dist., 1992).

Finally, CF points to the fact that Ben-Trei leases fifteen railcars from an Illinois company in order to transport its product. Standing alone, a lease agreement between a nonresident defendant and an Illinois resident does not necessarily warrant a finding that the defendant is subject to general jurisdiction in

Illinois.  *See MAC Funding Corp. v. Northeast Impressions, Inc.,* 215 F.Supp.2d 978, 981 (N.D.Ill., 2002).  Ben-Trei's lease agreement allows Ben-Trei to use the railcars anywhere in the United States or Canada, and it calls for Ben-Trei to pick up the railcars in New Mexico and return them in Iowa.  Ben-Trei's execution of this lease agreement does not represent such continuous and systematic general business contacts within Illinois that Ben-Trei is subject to general jurisdiction there.  Rather, it appears that Illinois just happened to be the location of the lessor's office.  As such, the railcar lease agreement is insufficient to subject Ben-Trei to general jurisdiction in Illinois.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED and the case is dismissed.


**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 8/27/2009